Fremont-Smith, J.
In this case, a man was stabbed in the stomach at a liquor establishment in Revere, Massachusetts. The police arrived within minutes, observed the victim bleeding on the floor and were told by an eyewitness that a white, red-haired woman had stabbed the man and abruptly left apparently with the knife, which was not found. From other information provided to the police by patrons of the bar, the police ascertained the identify and residence of the red-haired woman. When their attempts to gain peaceable entry to the building were unavailing, the police called the fire department and then proceeded to climb a fire department ladder to defendant’s apartment. When further requests for her to open the door went unheeded, they broke into her apartment and apprehended her. In the meantime, another police officer requested the eyewitness to accompany him to the apartment, and as the defendant emerged, the witness identified the defendant as the assailant. The time elapsed from the assault to the time of the identification was about forty minutes. A “one-on-one confrontation” staged in the immediate aftermath of a crime is considered justified because it may contribute to the efficiency of an investigation and, if it does not result in an identification, allows the police to free an innocent suspect and continue with their investigation. Commonwealth v. Barnett, 371 Mass. 87, 92 (1976). The time elapsed here was well within the time span considered to constitute “immediate aftermath of a crime.” See cases cited at Stearns, District Court Prosecutors Guide, pp. 275-76. As there was no other evidence to suggest that the identification was unduly suggestive, the Court finds that it was not.
The only other possible issue, which the Court raised sua sponte at the hearing, was whether the identification should be suppressed as the fruit of an illegal, warrantless arrest. In this respect, however, the facts are closely analogous to those in Commonwealth v. Donoghue, 23 Mass.App.Ct. 103 (1986), where the Appeals Court found there were exigent circumstances for a warrantless forcible entry into, and arrest in a person’s residential apartment where the victim had been viciously stabbed with a knife, where the perpetrator, being armed with a knife, could reasonably be assumed to be dangerous, and where there was probable cause to believe defendant was in the apartment and still armed. The Appeals Court concluded that, in those circumstances, “there could have been reasonable concern that the defendant might have someone else in the apartment or that evidence such as a weapon or bloody clothes, which could prove critical if the victim died, could be hidden or destroyed,” so that these were exigent circumstances to justify the warrantless arrest.[1] As all of these factors are present here, the warrantless entry and arrest were justified.
ORDER
For the above reasons, defendant’s motion is denied.

Donoghue has been recently cited with approval by the Massachusetts Appeals Court in Commonwealth v. DiGeronimo, 38 Mass.App.Ct. 714, 725 (1995).